CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 9 2006

JOHN F. CORCORAN, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| KEITH BUTLER, | ) | |
| | ) | Civil Action No.: 5:05-CV-00039 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WILLIAM GENDA, ET. AL. | ) | |
| | ) | |
| | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |
| | ) | |

This is an action pursuant to 42 U.S.C. § 1983 by plaintiff Keith Butler, proceeding pro se, against four of his neighbors, William Genda, Barbara Genda, Jon Anderson, and Dawna Anderson, the Clarke County Zoning Administrator, Jesse Russell, and a member of the Clarke County Board of Supervisors, Mike Hobert, alleging that the defendants have violated his First, Fourth, and Fifth Amendment constitutional rights. The defendants have moved to dismiss pursuant to Rule 12(b)(1) and (6). Although Butler's claims appeared convoluted to the court, because he is pro se, the court gave Butler an opportunity to clarify them at a hearing on defendants' motion to dismiss.[1] He sufficiently clarified the claims he is advancing, except his First Amendment claim, to the extent that the court now is able to conclude that the court should dismiss them.[2] Whether Butler can state a viable First Amendment claim remains unclear.

---

[1] The court gave Butler a procedurally fair opportunity to clarify his claims in open court and addresses his claims as clarified.

[2] At the hearing, Butler also claimed that the defendants had violated his Sixth Amendment rights because he was not allowed to confront the witnesses against him at various criminal trials. Obviously, at trial, the trial judge and the adversarial process are the guardians of a defendant's Sixth Amendment confrontation rights. At its core, therefore, Butler's claim necessarily challenges the trial judge's rulings. Section 1983 is not an appropriate vehicle to make such a challenge.

Consequently, the court will give Butler 10 days to submit a short and plain statement of this claim showing that he is entitled to relief as to that claim. Failure to do so will result in the dismissal of the claim.

## I.

This matter arises out of a host of disputes between Butler and his neighbors the Gendas and the Andersons who live in a rental house on the Genda's property.[3] Butler resides on his father's property, which borders the Gendas' property, and though the details are unclear, Butler essentially claims that the Gendas have conspired with Russell, a member of the Clarke County Board of Supervisors, Hobert, the zoning administrator, and the Andersons to force Butler to leave his father's property.[4] Butler alleges that the defendants have deprived him of his First

---

Butler also claimed that the defendants had violated his Equal Protection rights because the county prosecuted him but not the Gendas. Butler stated that he did not base his claim on race, religion, or national origin nor did he articulate any other coherent Equal Protection claim. When pressed by the court, he stated that "in essence, the county of Clarke allowed my neighbor Mr. William Genda to build a house which infringed upon the property rights of the Butler family." The court finds that Butler has asserted nothing remotely coherent, and the court will not construct fanciful claims from convoluted pleadings and arguments. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that the liberal construction of pro se complaints has limits and "does not require those courts to conjure up questions never squarely presented to them"). Because his claim is incoherent and fails to allege that similarly situated persons were not prosecuted, the court dismisses Butler's Equal Protection claim.

[3]Butler's complaint chronicles an ongoing feud between neighbors that began in 2001 and involves pending state court proceedings, including claims for malicious prosecution. Among other things, Butler claims that the Gendas defrauded the county by claiming that a corn crib destroyed by fire was a tenant house and that the Gendas filed frivolous claims with the board of supervisors, alleging that Butler was operating "an industrial commercial operation" and was "dumping toxic chemicals into groundwater supplies."

[4]Liberally construed, Butler's complaint asserts that the Gendas and Andersons have acted in concert with state actors as part of a conspiracy to deprive Butler of his rights under the constitution. See Dennis v. Sparks, 449 U.S. 24, 27-28 (1980) (stating that "to act 'under color of' state law for § 1983 purposes does not require that the defendant be an officer of the State,"

2

Amendment right to listen to the Howard Stern radio show; that Russell violated Butler's Fourth Amendment rights when Russell repeatedly "trespassed" on Butler's father's property to inspect and search the barn, where Butler resides; that a "dwelling rights unit" deduction from his father's property constituted a Fifth Amendment taking [5] and; that the Andersons and the Gendas have filed baseless charges against him and have violated his Fifth Amendment rights.

Although at the hearing on defendants' motion to dismiss much of what Butler had to say was convoluted, it is clear from Butler's explanations about his claims that authorities did not arrest Butler for any of the charges brought against him[6]; that he has had no ownership interest in the property as to which he alleges an unlawful Fifth Amendment taking, though he refers to it as his in the complaint; and that the last allegedly unlawful search occurred in February 2002.

## II.

Butler alleges that Russell violated Butler's Fourth Amendment rights when Russell searched the barn on Butler's father's property. The defendants allege that this claim is barred by the statute of limitations because the last alleged violation occurred in February 2002. The court agrees with the defendants and dismisses the claim.

---

and that "[p]rivate persons, jointly engaged with state officials in the challenged actions, are acting . . . 'under color' of law for purposes of § 1983 actions"). Because the court must presume that Butler's factual allegations are true, Symeonidis v. Eagle Construction Company of Virginia, Inc., 2005 WL 3054043, *2 (E.D. Va. 2005), the court cannot dismiss the case against the Gendas and Andersons on the grounds that the defendants are private parties and not state actors acting under color of state law.

[5]Butler claims that Russell forced Butler to convert the barn, where he was living, into a house and that the board of supervisors deducted one of the "dwelling rights units" for the property in January 2001.

[6]Butler claimed at the hearing that he had been arrested without probable cause; however, when pressed by the court, Butler admitted that he had not been arrested for any of the charges.

3

When considering a motion to dismiss, "the Court must presume that all factual allegations in the complaint are true." Symeonidis v. Eagle Construction Company of Virginia, Inc., 2005 WL 3054043, *2 (E.D. Va. 2005) (citing Puerto Rico ex. rel. Quiros v. Alfred L. Snapp & Sons, 632 F.2d 365 (4th Cir. 1980)). "In deciding a Rule 12(b)(6) motion, the Court does not resolve arguments regarding the facts, merits of the claims, or the possible defenses." Toney v. United States, 366 F. Supp. 2d 324, 324-25 (W.D. N.C. 2004). The court also must construe the complaint of a pro se litigant liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and "should not dismiss any count unless it appears beyond a doubt that the nonmoving party could not recover under any set of facts which could be proven." Symeonidis, 2005 WL 3054043 at *2. Though the court is required to liberally construe a pro se plaintiff's complaint, it is not required to construct fanciful claims from convoluted pleadings and arguments. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that the liberal construction of pro se complaints has limits and "does not require those courts to conjure up questions never squarely presented to them").

No federal statute of limitations exists for § 1983, and, thus, "courts considering § 1983 claims should borrow the general or residual statute for personal injury actions," Owens v. Okure, 488 U.S. 235, 250 (1989); Nat'l Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1162 (4th Cir. 1991). The Virginia Code has a statute of limitations of two years for personal injury actions. Though the statute of limitations period for § 1983 claims is borrowed from state law, the "time of accrual of a civil rights action is a question of federal law," and under federal law, the limitations period begins when "the plaintiff knows or has reason to know of the injury which is the basis of the action." Nat'l Advertising Co., 947 F.2d at 1162. Here, Butler knew about the

alleged Fourth Amendment violation when Russell searched Butler's father's property, the last search occurring in February 2002. Thus, the action is barred by the statute of limitations because Butler did not file this action until June 9, 2005. Accordingly, the court dismisses this claim.

### III.

Butler claims that the defendants took his property without just compensation when the board of supervisors deducted "a dwelling rights unit from Butler's father's property." The defendants argue that Butler does not own the property, and, thus, that he has no standing to object to the alleged taking. The court agrees with the defendants and finds that Butler does not have standing to bring this action. Therefore, to the extent that Butler alleges a takings claim, the court dismisses it.

"A necessary prerequisite to any [F]ifth [A]mendment takings claim is that the plaintiff own or have title to the property in issue." Lee v. United States, 22 Cl. Ct. 457, 462 (1991) (citing United States v. Dow, 357 U.S. 17, 20 (1958)); see Esposito v. South Carolina Coastal Council, 939 F.2d 165, 169 (4th Cir. 1991) (noting that a "land use regulation may constitute a taking if it 'does not substantially advance legitimate state interests, . . . or denies an owner economically viable use of his land'") (quoting Keystone Bituminous Coal Assoc. v. DeBenedictis, 480 U.S. 470, 485 (1987)); United States v. Twin City Power Co., 248 F.2d 108, 113 (4th Cir. 1957) (stating that "the owners of the land are entitled to recover fo the taking thereof by the government"). Butler's alleged takings claim involves property owned not by Butler but by his father. Thus, the court dismisses this claim.

### IV.

5

Butler claims that the defendants have violated his Fifth Amendment rights because the defendants have subjected him to baseless charges. The defendants contend that Butler's claims are at most state law claims for malicious prosecution. The court agrees and dismisses the claim.

There is "no such thing as a '§1983 malicious prosecution' claim." Lambert v. Williams, 223 F.3d 257, 262 (4th Cir. 2000). What has been termed a "malicious prosecution" claim in other cases "is simply a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution–specifically, the requirement that the prior proceeding terminate favorably to the plaintiff." Id. Butler stated at the hearing that he was not arrested or incarcerated for any of the charges brought against him. Because he cannot ground his malicious prosecution claim in the Fourth Amendment, Butler's allegations fail to state a viable § 1983 claim. To the extent that Butler has alleged state claims for malicious prosecution, the court declines to exercise supplemental jurisdiction.

V.

Butler asserts that the defendants have conspired to deprive him of his First Amendment right to listen to the radio; however, his allegations fail to present a coherent and fathomable claim. The court gave Butler an opportunity to clarify his First Amendment claims at the hearing, but his clarifications did little to enlighten the court about the scope and contours of his claim. Even under a liberal construction, the court cannot say that Butler's complaint or his clarifications at the hearing allege a violation of his First Amendment rights. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that the liberal construction of pro se complaints has limits and "does not require those courts to conjure up questions never squarely presented to them"). Nevertheless, the court will give Butler 10 days to articulate a

6

short and plain statement of the details and scope of his alleged First Amendment claim showing that he is entitled to relief. If Butler fails to submit an adequate pleading that complies with this directive, the court will dismiss this case without further notice.

**VI.**

For the foregoing reasons, the court grants the defendants' motions to dismiss the plaintiff's entire complaint, except for the First Amendment claim.

ENTER: This 9th day of February, 2006.

UNITED STATES DISTRICT JUDGE